**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 1:11-CR-11 |
| | § | |
| v. | § | |
| | § | |
| | § | JUDGE MICHAEL TRUNCALE |
| ROBERT LEE WHITE, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION**

Pending is Defendant Robert Lee White's *Pro Se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Dkt. #187) and *Pro Se Motion for Abeyance* (Dkt. #193). On September 11, 2026, United States Magistrate Judge Zack Hawthorn issued a *Report and Recommendation* (Dkt. #195) recommending denying White's motion for compassionate release and denying as moot his motion for abeyance. White filed written objections on October 5, 2026. (Dkt. #196.) A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). The Court has conducted a *de novo* review of White's objections, the *Report and Recommendation*, the underlying record, and the applicable law. For the reasons stated below, White's objections are OVERRULED and the magistrate judge's *Report and Recommendation* is ADOPTED for the reasons explained below.

White principally objects that the magistrate judge erred in concluding that his 480-month sentence does not constitute an unusually long sentence warranting compassionate release. White

emphasizes that his sentence exceeded the combined advisory Guidelines range applicable to the Hobbs Act robbery counts by fifty-nine months and argues that, because of subsequent changes to 18 U.S.C. § 924(c), his stacked firearm sentences would be substantially shorter if imposed today. He therefore contends that he has established an extraordinary and compelling reason for relief under U.S.S.G. § 1B1.13(b)(6).

This objection is without merit. As the *Report and Recommendation* correctly explains, the Supreme Court has held that the sentencing disparity resulting from the First Step Act's nonretroactive amendment to § 924(c) cannot constitute an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A). *Rutherford v. United States*, 146 S. Ct. 1320, 1330–31, 1334–35 (2026). Thus, the change in law upon which White principally relies cannot establish his eligibility for relief.

Moreover, White misreads the *Report and Recommendation* in asserting that the magistrate judge "admitted" that his sentence was unusually long merely because the agreed sentence exceeded the advisory Guidelines range on the Hobbs Act counts by fifty-nine months. The *Report* instead recognized that White's 480-month sentence resulted from a binding Rule 11(c)(1)(C) plea agreement under which White pleaded guilty to only four of the twenty-four counts charged against him and received dismissal of the remaining charges. Even assuming that White would face a lower mandatory minimum under current law, the *Report* correctly concluded that White has not demonstrated that the sentence likely imposed today would create the gross disparity required by § 1B1.13(b)(6). His forty-year sentence was the product of a negotiated, binding disposition that substantially limited his sentencing exposure, and the same sentence could permissibly be imposed today.

White also objects to the Magistrate Judge's analysis of the 18 U.S.C. § 3553(a) factors. He relies on his rehabilitation, maturation while incarcerated, and family support and argues that a sentence of 240 months would adequately satisfy the purposes of sentencing. The Court agrees with the Magistrate Judge, however, that these considerations do not outweigh the nature and circumstances of White's offenses and the other relevant sentencing factors. White's conviction arose from a series of armed robberies during which firearms were repeatedly brandished and employees were threatened. In one robbery, White struck an employee with a shotgun. Although White's claimed rehabilitation and family support are positive considerations, they do not outweigh the seriousness of the offenses, the need to promote respect for the law and provide just punishment, the need for adequate deterrence, and the need to protect the public. As the Magistrate Judge correctly concluded, the § 3553(a) factors independently weigh against reducing White's sentence.

Finally, White has identified no basis for rejecting the recommendation that his *Motion for Abeyance* be denied as moot. The motion sought to delay disposition pending the Supreme Court's resolution of whether nonretroactive sentencing changes could constitute extraordinary and compelling reasons for compassionate release. Because the Supreme Court has now resolved that issue in *Rutherford*, no basis for an abeyance remains.

Accordingly, the Court finds that the findings and conclusions of the Magistrate Judge are correct and that White's objections are without merit. It is therefore

**ORDERED** that Defendant Robert Lee White's *Objections to the Report and Recommendation* (Dkt. #196) are **OVERRULED**. It is further

**ORDERED** that the *Report and Recommendation* of the United States Magistrate Judge (Dkt. #195) is **ADOPTED** as the findings and conclusions of this Court. It is further

**ORDERED** that Defendant's *Pro Se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Dkt. #187) is **DENIED**. It is finally

**ORDERED** that Defendant's *Pro Se Motion for Abeyance* (Dkt. #193) is **DENIED AS MOOT**.

**SIGNED this 16th day of October, 2026.**

Michael J. Truncale
United States District Judge